**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**CEDRIC McCLINTON**                                                                        **PLAINTIFF**

**V.**                              **CASE NO. 3:11CV00059 SWW**

**POINSETT COUNTY,** *et al.*                                          **DEFENDANTS**

<u>**ORDER**</u>

**I.      Introduction:**

         Plaintiff Cedric McClinton, a pre-trial detainee at the Poinsett County Detention

Center, filed this action pro se under 42 U.S.C. § 1983.  (Docket entry #2) He also has

filed a motion for leave to proceed *in forma pauperis* (#1).  Mr. McClinton alleges that he

was wrongfully arrested on a two-year-old warrant.  He names as Defendants Poinsett

County, Deputy Prosecuting Attorney Jimmy Gazaway, Circuit Judge Brent Davis,

Municipal Judge Ron Hunter, and Chief Prosecuting Attorney Martin Lilly.  Mr.

McClinton has failed to state a claim for relief against the named Defendants.  For that

reason, Mr. McClinton's claims are DISMISSED.

**II.      *In Forma Pauperis* Application:**

         If a prisoner is permitted to file a civil action *in forma pauperis,* he still must pay

$350.00 filing fee.  28 U.S.C. §1915(b)(1).  The only question is whether the prisoner will

pay the entire filing fee at the beginning of the lawsuit or pay in installments over a period of time.  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).

In order to proceed *in forma pauperis*, an inmate must provide a complete application and attach a calculation sheet showing the inmate's trust account balances.[1] Based on the information provided, the Court will determine how the filing fee should be paid.  An inmate who is allowed to pay over time must pay the entire $350.00 filing fee, even if the case is dismissed before trial.

Mr. McClinton's calculation sheet shows that he does not have any funds available in his inmate trust account.  Based on that information, the Court will not assess an initial partial filing fee.

Mr. McClinton's motion for leave to proceed *in forma pauperis* (#1) is GRANTED.  His present custodian, the Warden/Director of the Poinsett County Detention Center or his designee, will collect from Mr. McClinton's prison trust account the $350.00 filing fee by collecting monthly payments of 20% of the preceding month's income credited to his prison trust account each time the amount in the account exceeds $10.00, until the filing fee is paid in full.  Payments should be clearly identified by the name and number assigned to this action.

The Clerk of Court is directed to send a copy of this Order to the Arkansas Department of Correction Trust Fund Centralized Banking Office, P.O. Box 8908, Pine

---

[1] The calculation sheet must be signed by an authorized officer at the facility or unit where the inmate is being held.

2

Bluff, Arkansas 71611; the Arkansas Department of Correction Compliance Division,

P.O. Box 20550, Pine Bluff, Arkansas 71612; and the Warden/Director of the Poinsett

County Detention Center, 1500 Justice Drive, Harrisburg, Arkansas 72432.

## III.   Discussion:

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant,

acting under color of state law, deprived him of a right, privilege, or immunity secured by

the United States Constitution or by federal law.  42 U.S.C. § 1983.  Although "detailed

factual allegations are not required," a complaint must include enough facts to "state a

claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,

1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955

(2007)).  "A claim has facial plausibility when the pleaded factual content allows the

court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  *Iqbal*, __ U.S. __, 129 S.Ct. at 1940.  Pro se complaints are construed liberally,

but they still must allege "sufficient facts to support the claims advanced."  *Stone v.

Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

A.     Poinsett County

Although Mr. McClinton names Poinsett County as a Defendant, he fails to state

how Poinsett County is responsible for any alleged violation of his constitutional rights.

See *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (citing *Ellis v. Norris*, 179 F.3d

1078, 1079 (8th Cir. 1999) (prisoner must allege a defendant's personal involvement or

responsibility for constitutional violation to state a claim under 42 U.S.C. § 1983)).  In

addition, he fails to explain how he suffered any constitutional injury as a result of any official policy or custom of Poinsett County.   Therefore, Mr. McClinton's claims against Poinsett County fail.

B.      Defendants Gazaway and Lilly

Mr. McClinton names as Defendants Deputy Prosecuting Attorney Jimmy Gazaway and Chief Prosecuting Attorney Martin Lilly.  He fails, however, to attribute any unconstitutional conduct to these Defendants, and he does he state how they caused him to suffer any injury.  See *Beck v. LaFleur*, *supra*.  Therefore, Mr. McClinton's claims against these Defendants fail.

Further, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."  *Forste v. Hensley*, 2010 WL 5258479, *1 (8th Cir. Dec. 27, 2010) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).   "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process."  *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir.1996).  Thus, Mr. McClinton's claims against these Defendants fail for this reason, as well.

C.      Defendants Hunter and Davis

Mr. McClinton also names as Defendants Circuit Judge Brent Davis and Municipal Judge Ron Hunter.  Judge Hunter is the judge allegedly responsible for signing a warrant for Mr. McClinton's arrest in May 2009, and setting a bond for Mr. McClinton after his

arrest in January 2011.  Judge Davis is the judge assigned to the criminal case underlying this § 1983 case.  However, "[j]udges performing judicial functions enjoy absolute immunity from § 1983 liability."  *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).  Because Judge Hunter was acting within his official capacity when he signed the arrest warrant at issue and when he set Mr. McClinton's bond, he is entitled to absolute immunity in this lawsuit.

Mr. McClinton does not attribute any alleged unconstitutional conduct to Judge Davis.  Because he fails to state how Judge Davis has caused him to suffer any injury, Mr. McClinton's claims against Judge Davis must be dismissed.  See *Beck v. LaFleur*, *supra*.  Further, because he is the judge assigned Mr. McClinton's criminal matter, the Court presumes that any action taken by Judge Davis will be in his official capacity.[2]  Therefore, Mr. McClinton's claims against Judge Davis fail for that reason, as well.

**IV.    Conclusion:**

Mr. McClinton's claims against Poinsett County are DISMISSED, without prejudice.  His claims against Defendants Gazaway, Lilly, Hunter, and Davis are DISMISSED with prejudice.  The Court certifies that an *in forma pauperis* appeal would be frivolous and not taken in good faith.

---

[2] Mr. McCLinton certainly does not make any allegations against Judge Davis in his individual capacity.

5

IT IS SO ORDERED this 19th day of April 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE